IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| DENNIS FRIEDT,<br><br>Petitioner,<br><br>vs.<br><br>STATE OF MONTANA,<br><br>Respondent. | CV 26-82-H-SPW<br><br>ORDER |

This matter comes before the Court on state pro se prisoner Dennis Friedt's "Motion For Relief From Judgment Per MT. R. Civ. P. 60(b)(4)." (Doc. 1.) The motion is accompanied by various exhibits from his state proceedings. (Doc. 1-1.) Friedt apparently believes that the state judgment of conviction is void and that the district court lacked subject matter jurisdiction over his criminal proceedings. (*Id.* at 1.)

As a preliminary matter, it appears Friedt is asking this Court to review his state criminal judgment and set it aside. Friedt cites the Montana Rules of Civil Procedure, however, they are inapplicable in this federal proceeding. Thus, the filing is improper, and this Court is not able to afford the relief sought.

Even if the Court were to consider Friedt's motion under the Federal Rules of Civil Procedure, he still has no avenue for relief. Federal Rule 60(b) allows a "party" to seek relief from a "final judgment, order or proceeding." The Rule applies only when a party to a federal lawsuit seeks such relief. Federal court litigants unhappy with the outcome of a federal case may use Rule 60(b) to attempt to overturn a final federal judgment or request reopening of a lawsuit. *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). This Rule may not, however, be used as a means to attack a state criminal judgment; it may only be used to challenge a federal civil judgment. *See e.g., Harris v. United States*, 367 F. 3d 74, 82 (2nd Cir. 2004)(a Rule 60(b)(6) motion that directly attacks an underlying conviction properly denied as beyond the scope of Rule 60(b)). Thus, a motion pursuant to Rule 60(b) is not an appropriate vehicle for Friedt's challenge to his state court criminal conviction and this Court lacks jurisdiction to entertain the motion.

Moreover, Friedt's argument appears to be frivolous. He seems to believe he was entitled to indictment by a grand jury and because he was charged by information, the district court lacked jurisdiction to preside over his case, making the judgment void. (Doc. 1 at 1-12.) Montana's specific constitutional and statutory provisions define a district court's jurisdiction and delineate the four procedural vehicles available to commence a state prosecution. One of these vehicles is via the filing of an information. Mont. Const. art. II, § 20(1) and art.

VII, §4(1); Mont. Code Ann. §§ 3-5-301(1), -302(1)(a), and 46-11-101(1)-(4). "The district court has original jurisdiction in all criminal cases amounting to felony…" Mont. Const. art. VII, § 4(1). Friedt's argument related to Montana's criminal charging process and the state district court's purported lack of jurisdiction is frivolous.

Additionally, to the extent that Friedt may believe federal law is violated when state law does not entitle defendants to indictment by grand jury; he is mistaken. The United States Supreme Court has recognized for over one hundred years that a State may choose to charge a defendant by information. *See*, *Hurtado v. California*, 110 U.S. 516, 538 (1884). Moreover, The Fifth Amendment Grand Jury Clause, which guarantees indictment by grand jury in federal prosecutions, was not incorporated by the Fourteenth Amendment to apply to the states. *See, Branzburg v. Hayes,* 408 U.S. 665, 687-88 n. 25 (1972) (noting that "indictment by grand jury is not part of the due process of law guaranteed to state criminal defendants by the Fourteenth Amendment"); *see also*, *Rose v. Mitchell*, 443 U.S. 545, 557 n. 7 (1979); *Gerstein v. Pugh*, 420 U.S. 103, 118-119 (1975); *Alexander v. Louisiana*, 405 U.S. 625, 633 (1972); *Beck v. Washington*, 369 U.S. 541, 545 (1962); *Gaines v. Washington*, 227 U.S. 81, 86 (1928). In short, Friedt was not entitled to an indictment by a state grand jury.

Finally, the exclusive means for a state prisoner to challenge a state court

judgment of conviction is to file a petition for writ of habeas corpus under 28 U.S.C. § 2254. But even if the filing were construed as a petition for habeas corpus relief, the petition at hand is the sixth Friedt has filed in this Court challenging his 2018 Sexual Assault conviction. His first petition was dismissed with prejudice. *Friedt v. Salmonsen et al.*, CV 21-48-BLG-DWM, Ord. (D. Mont. Feb. 16, 2022). Friedt's second petition, *Friedt v. Salmonsen et al.*, CV 23-21-BLG-SPW, and third, *Friedt v. Salmonsen*, CV 23-51-SPW-TJC, were also dismissed as unauthorized second petitions. Friedt again sought review of his 2018 criminal judgment. Friedt was advised that this Court lacks jurisdiction to hear any further challenges to his 2018 conviction unless and until the Ninth Circuit authorizes him to file a successive petition. *Friedt v. Salmonsen et al.*, CV 24-45-BLG-SPW-TJC, Ord. (D. Mont. May 17, 2024)(*citing Burton v. Stewart*, 549 U.S. 147, 149 (2007) (per curiam)). Earlier this year, Friedt's fifth attempt at habeas relief was also dismissed as an unauthorized petition. *Friedt v. Salmonsen*, CV 26-37-BLG-DWM (D. Mont. April 23, 2026). Friedt is well aware of the filing requirements, and it appears that by characterizing his present filing as a Rule 60 Motion, he is attempting to avoid the restriction on successive habeas filings.

Until Friedt obtains authorization from the Ninth Circuit to file in this Court, under 28 U.S.C. § 2244(b)(3)(A), this Court lacks jurisdiction to hear this matter or any future filings. *Burton v. Stewart*, 549 U.S. 147, 149 (2007)(per curiam). Friedt

continues to abuse the writ and improperly consume this Court's time and resources.

This matter is dismissed. Absent authorization from the Ninth Circuit to file a second and/or successive petition, no further filings from Friedt challenging his 2018 state sentence, or the underlying judgment of conviction handed down in *State v. Friedt,* Cause No. DC 17-1111, will be accepted.

A certificate of appealability is denied because there is no doubt this Court lacks jurisdiction and the present filing is improper under Federal Rule 60(b). Transfer to the Court of Appeals is not in the interest of justice. *See* 28 U.S.C. § 1631.

Based on the foregoing, the Court enters the following:

**ORDER**

1. Friedt's Petition (Doc. 1) is DISMISSED for lack of jurisdiction. The Clerk of Court is directed, by separate document, to enter a judgment of dismissal.

2. Unless Friedt contemporaneously provides an authorization from the Circuit permitting a second/successive petition, the Clerk of Court shall accept no further filings from Friedt challenging his 2018 state court sentence or the underlying judgment of conviction handed down in *State v. Friedt,* Cause No. DC 17-1111. If no authorization is provided, future documents from Friedt are to be discarded by the Clerk of Court and will not be considered by this Court.

3. A certificate of appealability is DENIED.

DATED this 18th day of November, 2026.

Susan P. Watters
Susan P. Watters
United States District Court Judge